**BURSOR & FISHER, P.A.**
Yeremey Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ykrivoshey@bursor.com
        bscott@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HUNT, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| THE VAIL CORPORATION d/b/a VAIL RESORTS MANAGEMENT COMPANY, | **JURY TRIAL DEMANDED** |
| Defendant. | |

CLASS ACTION COMPLAINT

Plaintiff Brian Hunt brings this action on behalf of himself and all others similarly situated against Defendant The Vail Corporation d/b/a Vail Resorts Management Company ("Vail Resorts Management" or "Defendant").  Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

**FACTS COMMON TO ALL CAUSES OF ACTION**

1. Defendant Vail Resorts Management has made the unconscionable decision to retain its millions of customers passholder fees while closing 100% of its mountain resorts as the novel coronavirus, COVID-19, rages throughout the world and the United States economy has gone into a deep recession.

2. Defendant is the operator of more than 34 North American ski resorts throughout the United States.  Defendant sells "Epic Passes" promising "unlimited, unrestricted skiing at [its] best resorts."[1]  Defendant also promises that its passes are the "best way to ski … 7 days a week."[2]  To visit Defendant's mountain resorts, consumers can purchase (1) annual passes for prices ranging from $319 to $979; (2) weekly passes from $391 to $766; (3); or day/multi-day passes from $67 to $766 (called "Epic Day Passes").  For customers that buy Epic Day Passes, they have the option to buy passes in packages for "1 to 7 total days."

3. On March 25, 2020, Defendant announced that it was closing all of its mountain resorts indefinitely.  Subsequently, Defendant announced that its "North American resorts and retail stores will remain closed for the 2019-20 winter ski season."[3]  Defendant has not refunded any consumers for their lost mountain resort access.  Rather, for annual pass-holders, Defendant has simply deferred all auto-renewal charges and spring deadlines (for those people that did not pre-pay for the entire season).  Further, for Epic Day Pass customers, Defendant has explicitly stated that, despite Defendant's closures, the passes are "non-refundable and non-transferable to

---

[1] https://www.vail.com/plan-your-trip/lift-access/passes/epic-pass.aspx (last accessed April 9, 2020).
[2] https://www.epicpass.com/passes/tahoe-local-pass.aspx (last accessed April 9, 2020).
[3] https://www.snow.com/info/covid-19-update (last accessed April 10, 2020).

CLASS ACTION COMPLAINT                                                                                                             1

another season."[4]  Accordingly, customers who did not have a chance to use all of their purchased passes under the Epic Day Pass program get zero consideration or compensation for their inability to use those unused, purchased days, even if they wanted to.  Resultingly, Defendant has unjustly enriched itself by retaining passholder fees of hundreds of thousands of consumers – while denying passholders all access to all of Defendant's mountain resorts.

4. Plaintiff seeks relief in this action individually, and on behalf of all of Defendant's customers nationwide that purchased annual passes for the 2019-2020 season or Epic Day Passes for the 2019-2020 season who, as of March 25, 2020, had not used up all of the days remaining on their Epic Day Passes for Defendant's violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*, Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*, False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*, for breach of express warranties, negligent misrepresentation, fraud, unjust enrichment, money had and received, conversion, and breach of contract.

**PARTIES**

5. Plaintiff Brian Hunt is a citizen of California, residing in San Ramon, California.  Mr. Hunt is an annual passholder for Vail Resorts.  In June of 2019, Mr. Hunt purchased an annual Tahoe Local season pass for $499 which promised mountain access from October 2019 to June 2020, so long as there was snow.  On March 25, 2020, Defendant notified passholders that it closed all 34 of its North American resorts.  Defendant has retained the full amount of his annual pass fee even though Plaintiff does not have access to any of Defendant's resorts.  Further, Defendant has not refunded Plaintiff any part of his annual pass fee for March 25 through the present, when Defendant's resorts were closed (and continue to remain closed).  Plaintiff signed up for Defendant's annual pass with the understanding that he would be able to access Defendant's resorts from October 2019 through June 2020, so long as there was snow on the mountains.  Plaintiff would not have paid for the annual pass, or would not have paid for it on the same terms, had he known that he would not have access to any of Defendant's resorts.  Plaintiff continues to face

---

[4] https://www.snow.com/info/message-to-our-guests.aspx (last accessed April 10, 2020).

imminent harm, as Defendant retains annual passholder's season pass fees while all of its resorts remain closed.

6. Defendant The Vail Corporation, is a Colorado corporation, with its principal place of business at 390 Interlocken Crescent, Broomfield, CO 80021. Defendant is the operator of 34 ski resorts in North America, and touts itself as "the premier mountain resort company in the world."[5] Defendant conducts substantial business throughout the United States, and specifically in the state of California.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and most members of the proposed nationwide class are citizens of states different from the states of Defendant.

8. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California. Defendant is registered to do business in the State of California.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District and a substantial part of the events giving rise to Plaintiff Hunt's claims took place within this District.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all of Defendant's customers nationwide that purchased annual passes for the 2019-2020 season or Epic Day Passes for the 2019-2020 season who, as of March 25, 2020, had not used up all of the days remaining on their Epic Day Passes.

11. Plaintiff also seek to represent a subclass defined as all members of the Class who purchased the relevant passes in California (the "California Subclass").

---

[5] http://www.vailresorts.com/Corp/info/who-we-are.aspx (last accessed April 9, 2020).

12. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

13. Excluded from the Class are the Defendant, the officers and directors of the Defendant at all relevant times, members of its immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.

14. Plaintiff is a member of the Class and California Subclass he seeks to represent.

15. Defendant has hundreds of thousands of customers nationwide that purchased resort passes that cannot be used. Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

16. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to whether Defendant has breached its contract with its customers and whether its actions are fraudulent and unlawful.

17. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false and misleading advertising and was charged for his resort pass promising mountain access from October 2019 through June 2020 despite being barred from entry into Defendant's resort properties and suffered losses as a result.

18. Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the Class members Plaintiff seek to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and Plaintiff intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

19. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the

resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I

## Violation of California's Consumers Legal Remedies Act,

## California Civil Code §§ 1750, *et seq*.

## (Injunctive Relief Only)

20. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

21. Plaintiff brings this claim individually and on behalf of members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendant.

22. Plaintiff and Class members are consumers who paid fees for use of Defendant's mountain resorts for personal, family or household purposes. Plaintiff and the Class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

23. Defendant's mountain resort access that Plaintiff and Class members purchased from Defendant was a "service" within the meaning of Cal. Civ. Code § 1761(b).

24. Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of services to consumers.

25. Defendant's advertising that consumers would have unlimited access to all of its ski resorts and that its customers would have access to its ski resorts upon paying a fee is false and

misleading to a reasonable consumer, including Plaintiff, because Defendant in fact closed all of its mountain resorts while continuing to retain the full price consumers' passes.

26. California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." By engaging in the conduct set forth herein, Defendant violated and continue to violate Section 1770(a)(5) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresent the particular characteristics, benefits and quantities of the services.

27. Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(7) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresents the particular standard, quality or grade of the services.

28. Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant advertises services with the intent not to sell the services as advertised.

29. Plaintiff and the Class acted reasonably when they purchased Defendant's passes on the belief that Defendant's representations were true and lawful.

30. Plaintiff and the Class suffered injuries caused by Defendant because: (a) they would not have purchased or paid for Defendant's passes absent Defendant's representations and omission of a warning that it would retain members' passholder fees while all mountain resorts nationwide are closed; (b) they would not have purchased passes on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's passes

CLASS ACTION COMPLAINT   6

based on Defendant's misrepresentations and omissions; and (d) Defendant's passes did not have the characteristics, benefits, or quantities as promised.

31.  Under California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Defendant's violations of the CLRA.  Plaintiff has mailed an appropriate demand letter consistent with California Civil Code § 1782(a).  If Defendant fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend his complaint to include a request for damages as permitted by Civil Code § 1782(d).

32.  Wherefore, Plaintiff seeks injunctive and equitable relief for these violations of the CLRA.

## COUNT II

## Violation of California's Unfair Competition Law,

## California Business & Professions Code §§ 17200, *et seq*.

33.  Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

34.  Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant.  Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendant.

35.  Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

36.  Defendant's advertising that its passholders would have unlimited access to its mountain resorts, and that its customers would have access to its mountain resorts upon paying an pass fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact closed all of its mountain resorts while continuing to retain the full price of customers' passes.

37.  Defendant's business practices, described herein, violated the "unlawful" prong of the UCL by violating the CLRA, the FAL, and other applicable law as described herein.

38. Defendant's business practices, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits. Defendant's advertising of its passes and its retention of pass fees while its mountain resorts are closed is of no benefit to consumers.

39. Defendant violated the fraudulent prong of the UCL by misleading Plaintiff and the Class to believe that they would have access to Defendant's mountain resorts.

40. Plaintiff and the Class acted reasonably when they signed up for passes based on the belief that they would have access to Defendant's mountain resorts.

41. Plaintiff and the Class lost money or property as a result of Defendant's UCL violations because Plaintiff and the Class suffered injuries caused by Defendant because: (a) they would not have purchased or paid for Defendant's passes absent Defendant's representations and omission of a warning that it would retain members' passholder fees while all mountain resorts nationwide are closed; (b) they would not have purchased passes on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's passes based on Defendant's misrepresentations and omissions; and (d) Defendant's passes did not have the characteristics, benefits, or quantities as promised.

## COUNT III

## Violation of California's False Advertising Law,
## California Business & Professions Code §§ 17500, *et seq.*

42. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

43. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

44. California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means

whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

45. Defendant engaged in a scheme of retaining customers pass fees while 100 percent of its mountain resorts were closed. Defendant's advertising and marketing of its passes as providing access its mountain resorts misrepresented and/or omitted the true content and nature of Defendant's services. Defendant's advertisements and inducements were made in California and come within the definition of advertising as contained in Bus. & Prof. Code § 17500, *et seq*. in that the promotional materials were intended as inducements to purchase passes, and are statements disseminated by Defendant to Plaintiff and Class members. Defendant knew that these statements were unauthorized, inaccurate, and misleading.

46. Defendant's advertising that passholders would have unlimited access its mountain resorts and that its customers would have access to its mountain resorts upon paying an passholder fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact closed all of its mountain resorts while retaining the full price of customers' passes.

47. Defendant violated § 17500, *et seq*. by misleading Plaintiff and the Class to believe that they would have access to Defendant's mountain resorts from October 2019 to June 2020.

48. Defendant knew or should have known, through the exercise of reasonable care that its advertising that customers would have access its mountain resorts is false and misleading. Further, Defendant knew or should have known that it was breaching its contracts with its customers and fraudulently charging fees when it retained all pass fees while all of its mountain resorts were closed.

49. Plaintiff and the Class lost money or property as a result of Defendant's FAL violation because Plaintiff and the Class suffered injuries caused by Defendant because: (a) they would not have purchased or paid for Defendant's passes absent Defendant's representations and omission of a warning that it would retain members' passholder fees while all mountain resorts nationwide are closed; (b) they would not have purchased passes on the same terms absent

Defendant's representations and omissions; (c) they paid a price premium for Defendant's passes based on Defendant's misrepresentations and omissions; and (d) Defendant's passes did not have the characteristics, benefits, or quantities as promised.

## COUNT IV

### Breach of Express Warranty

50. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

51. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

52. In connection with the sale of passes, Defendant issues an express warranty that customers would have unlimited access to its mountain resorts, or for the Epic Day Passes, that they would have access to Defendant's mountain resorts for a specified number of days.

53. Defendant's affirmation of fact and promise in Defendant's marketing and signage became part of the basis of the bargain between Defendant and Plaintiff and Class members, thereby creating express warranties that the services would conform to Defendant's affirmation of fact, representations, promise, and description.

54. Defendant breached its express warranty because Defendant does not provide unlimited access to its mountain resorts, and, for the Epic Day Passes, does not provide access to resorts even for customers who still have unused Epic Day Passes left for the 2019-2020 season.  In fact, Defendant has retained the full amount of its pass fees while 100 percent of its mountain resorts are closed.

55. Plaintiff and the Class members were injured as a direct and proximate result of Defendant's breach because: Plaintiff and the Class suffered injuries caused by Defendant because (a) they would not have purchased or paid for Defendant's passes absent Defendant's representations and omission of a warning that it would retain members' passholder fees while all mountain resorts nationwide are closed; (b) they would not have purchased passes on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for

Defendant's passes based on Defendant's misrepresentations and omissions; and (d) Defendant's passes did not have the characteristics, benefits, or quantities as promised.

## COUNT V

### Negligent Misrepresentation

56. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

57. Plaintiff bring this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

58. As discussed above, Defendant misrepresented that customers would have unlimited access to its mountain resorts, or, for the Epic Day Passes, that they would have access to Defendant's mountain resorts for a specified number of days.. However, Defendant in fact retains the full price for passes, even when 100 percent of its mountain resorts are closed to the public.

59. At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

60. At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about its passes and services.

61. The negligent misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Defendant's passes.

62. Plaintiff and Class members would not have purchased Defendant's passes, or would not have purchased the services on the same terms, if the true facts had been known.

63. The negligent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VI

## Fraud

64. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

65. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

66. As discussed above, Defendant misrepresented that customers would have unlimited access to its mountain resorts, or, for the Epic Day Passes, that they would have access to Defendant's mountain resorts for a specified number of days. However, Defendant in fact retains the full price for passes even when 100 percent of its mountain resorts are closed to the public. These misrepresentations and omissions were made with knowledge of their falsehood.

67. The misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended and actually induced Plaintiff and Class members to Defendant's passes.

68. The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VII

## Unjust Enrichment

69. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

70. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

71. Plaintiff and members of the Class conferred benefits on Defendant by paying, and being charged, pass fees while 100 percent of Defendant's mountain resorts were and remain closed.

72. Defendant has knowledge of such benefits.

73. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' pass fees. Retention of those moneys under these circumstances is unjust and inequitable because Defendant is retaining its customers full pass fees while 100 percent of its mountain resorts remain closed. These misrepresentations and charges caused injuries to Plaintiff and members of the Class because they would not have paid Defendant's pass fees had the true facts been known.

74. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

## COUNT VIII

### Money Had and Received

75. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

76. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

77. Defendant received money in the form of pass fees that was intended to be used for the benefit of Plaintiff and the Class, those pass fees were not used for the benefit of Plaintiff and the Class, and Defendant has not given back or refunded the wrongfully obtained money and pass fees to Plaintiff and the Class.

78. Defendant obtained money in the form of pass fees that was intended to be used to provide unlimited mountain resort access to Plaintiff and the Class, or, for the Epic Day Passes, that was intended to provide customers with access to Defendant's mountain resorts for a specified number of days. However, Defendant has retained all of the pass fees while 100 percent of its mountain resorts were and remain closed.

## COUNT IX

### Conversion

79. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

80. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

81. Plaintiff and members of the Class had a right to retain their pass fees while all of Defendant's mountain resorts were and remain closed; Defendant intentionally retained full amount of the Plaintiff's and Class members' pass fees while Defendant's mountain resorts were closed; Plaintiff and Class members did not consent to Defendant's retaining such fees while Defendant's mountain resorts are closed; Plaintiff and Class members were harmed through Defendant's retention of their pass fees; Defendant's conduct was a substantial factor in causing Plaintiff and Class members' harm.

## COUNT X

### Breach of Contract

82. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

83. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

84. Defendant entered into contracts with Plaintiff and Class members to provide access to its mountain resorts in exchange for the payment of pass fees. Defendant has breached these contracts by retaining and Class members' full pass fees while 100 percent of its mountain remain closed. Plaintiff and Class members have suffered an injury through the payment of pass fees while not having access to Defendant's mountain resorts.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks

judgment against Defendant, as follows:

    a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

    b) For an order certifying the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the California Subclass and Plaintiff's attorneys as Class Counsel to represent the California Subclass members;

    c) For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

    d) For an order finding in favor of Plaintiff, the Class, and the California Subclass, on all counts asserted herein;

    e) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

    f) For prejudgment interest on all amounts awarded;

    g) For an order of restitution and all other forms of equitable monetary relief;

    h) For injunctive relief as pleaded or as the Court may deem proper; and

    i) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: April 10, 2020          **BURSOR & FISHER, P.A**.

                                        By:   */s/ Brittany S. Scott*
                                                  Brittany S. Scott

Yeremey Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ykrivoshey@bursor.com

bscott@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Brittany S. Scott, declare as follows:

1. I am an attorney at law licensed to practice in the State of California and I am member of the bar of this Court. I am an associate at Bursor & Fisher, P.A., counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2. The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in this District.

3. I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Oakland, California this 10th day of April, 2020.

/s/ Brittany S. Scott
Brittany S. Scott